IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-02219-ZLW

DANA COOPER,

Plaintiff,

v.

SGT. BINDER,
WARDEN JONES,
C/O VIALAPRANDO,
C/O SIMMONS, and
LT. CHAVEZ,

Defendants.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

NOV 18 2009

GREGORY C. LANGHAM
CLERK

_____

ORDER DENYING MOTION TO RECONSIDER

_____

Plaintiff Dana Cooper, a State of Colorado prisoner acting *pro se*, filed a

pleading titled, "Motion to Withdraw Plaintiffs [sic] Motion to Withdraw Complaint," on

October 21, 2009. In the pleading, Mr. Cooper asks that the Court reinstate the instant

action. The Court must construe the pleading liberally because Mr. Cooper is a *pro se*

litigant. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935

F.2d 1106, 1110 (10th Cir. 1991).

A litigant subject to an adverse judgment, and who seeks reconsideration by the

district court of that adverse judgment, may "file either a motion to alter or amend the

judgment pursuant to Fed. R. Civ. P. 59(e) or a motion seeking relief from the judgment

pursuant to Fed. R. Civ. P. 60(b)." *Van Skiver v. United States*, 952 F.2d 1241, 1243

(10th Cir. 1991). A motion to reconsider filed more than ten days after the final judgment in an action should be considered pursuant to Rule 60(b). *See id.* at 1243. Mr. Cooper filed a Motion to Withdraw this case on September 21, 2009. The Court construed the Motion as a Notice of Voluntary Dismissal filed pursuant to Fed. R. Civ. P. 41(a)(1)(A).

A voluntary dismissal under Rule 41(a)(1)(A) is effective immediately upon the filing of a written notice of dismissal, and no subsequent court order is necessary. *See* J. Moore, Moore's Federal Practice ¶ 41.02(2) (2d ed. 1995); *Hyde Constr. Co. v. Koehring Co.*, 388 F.2d 501, 507 (10th Cir. 1968). The case, therefore, was dismissed as of September 21, 2009, the date the Notice was filed with the Court. Mr. Cooper's request for relief from judgment was filed well over ten days after the action was dismissed. Therefore, the request will be considered as a Motion to Reconsider filed pursuant to Fed. R. Civ. P. 60(b). Relief under Rule 60(b) is appropriate only in extraordinary circumstances. *See Massengale v. Oklahoma Bd. of Examiners in Optometry*, 30 F.3d 1325, 1330 (10th Cir. 1994).

Upon consideration of the Motion to Reconsider and the entire file, the Court finds that Mr. Cooper fails to demonstrate the existence of any extraordinary circumstances that would justify a decision to reconsider and vacate the order dismissing this action. Mr. Cooper seeks to reinstate this case based on actions by named Defendants that took place after he filed the Notice of Voluntary Dismissal. Mr. Cooper does not indicate in the Motion to Reconsider that he intends to pursue the same claims that he raised in his original Complaint. Nonetheless, even if

2

Mr. Cooper intends to pursue the claims he asserted in the original Complaint, the instant action was dismissed without prejudice, *see* Fed. R. Civ. P. 41(a)(1)(B), and he is able to pursue these claims by filing a new action if he chooses.

The Court also notes that Mr. Cooper previously filed six cases, including Case Nos. 08-cv-01599-CMA-KMT, 08-cv-02536-CMA-KMT, 09-cv-00662-CMA-KMT, 09-cv-00667-CMA-KMT, 09-cv-00754-CMA-KMT, and 09-cv-00961-CMA-KMT.  District Judge Christine M. Arguello ordered the cases consolidated in Case No. 09-cv-01599-CMA-KMT for efficient case management. *See Cooper v. Sgt. Rhonda Belcher, et al.*, No. 09-cv-01599-CMA-KMT, Doc. No. 94 (D. Colo. Order Entered on May 13, 2009).  Mr. Cooper also was instructed, in Case No. 08-cv-01599, to file one amended complaint that "corrals all of his factual allegations against all of the appropriate defendants into a common, operative pleading," in keeping with Fed. R. Civ. P. 8(a)(2). *Id.*  Judge Arguello further cautioned Mr. Cooper that any "future unwarranted and vexatious litigious behavior may subject him to sanctions, including dismissal of his cases and restrictive conditions on future filings." *Id.*

This Court also cautions Mr. Cooper that, although he is able to pursue the claims he has raised in this action by filing a new action if he chooses, this Court will not tolerate unwarranted and vexatious litigious behavior including an attempt by Mr. Cooper to avoid Judge Arguello's order in Case No. 09-cv-01599.  Accordingly, it is

ORDERED that the pleading filed on October 21, 2009, (Doc. No. 6) is construed

as a Motion to Reconsider pursuant to Fed. R. Civ. P. Rule 60(b) and is denied.

DATED at Denver, Colorado, this __16__ day of _____*November*_____, 2009.

BY THE COURT:

ZITA L. WEINSHIENK, Senior Judge
United States District Court

4

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

## CERTIFICATE OF MAILING

Civil Action No.  09-cv-02219-ZLW

Dana Cooper
Prisoner No. 135056
Colorado State Penitentiary
P.O. Box 777
Cañon City, CO 81215-0777


I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on _11/18/09_

GREGORY C. LANGHAM, CLERK

By: _____
Deputy Clerk